# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-cr-00310 |
| JAMES LAMONTE JACKSON, | ) |
| Defendant. | ) |

## ORDER

On January 29, 2021, the Court held an evidentiary hearing on Defendant's Motion to Suppress (Doc. No. 36). As the Court stated at the conclusion of the hearing, the parties shall order the hearing transcript and submit post-hearing briefs. Defendant shall file his post-hearing brief by **March 12, 2021**, the Government shall file a response by **April 2, 2021**, and Defendant may file a reply by **April 12, 2021**. The parties shall cite to the transcript in their briefs.

To assist the Court in deciding this matter, the parties' post-hearing briefs shall address, among other things, the following issues:

1. The Sixth Circuit in United States v. Simpson held that, "the inability of the officer to perceive the expiration date [on the license plate] while driving at *very close proximity* gave him at least reasonable suspicion to believe that [T.C.A. § 55-4-110(b)] was being violated." 520 F.3d 531, 542 (6th Cir. 2008) (emphasis added). The Sixth Circuit also stated that "[a]lthough we are aware of no Tennessee case law that indicates a precise distance from which a temporary tag's expiration date must be visible, it seems reasonable to assume that *more than a few feet* is required." Id. (emphasis added). Based on the reasoning in Simpson and any other federal or Tennessee cases since Simpson, at what distance should an officer be able to read a vehicle's

registration plate without having reasonable suspicion that T.C.A. § 55-4-110(b) is being violated? Relatedly, was Officer Lindsey Javins "more than a few feet" away from the vehicle in this case or "driving at very close proximity" to it when she was, by her own admission, able to read the letters and numbers on the registration plate?

2. Also in Simpson, the Sixth Circuit rejected the district court's "overbroad interpretation of § 55-4-110(b)" because it "would mean that a police officer who had difficulty seeing a license plate at some unspecified distance or position, even if the license plate were visible at a closer distance or different position, could nevertheless stop a vehicle." 520 F.3d at 544. If the Court accepted Officer Javins' alleged basis for reasonable suspicion in this case, would the Court be interpreting T.C.A. § 55-4-110(b) in the same overbroad manner that Simpson held to be improper?

3. Using rules of statutory interpretation, please explain whether the Tennessee legislature's purpose or intent of enacting T.C.A. § 55-4-110(b) was to prevent the use of clear plastic covers on vehicle registration plates. '

4. When determining whether an officer has reasonable suspicion to stop a vehicle to investigate an on-going misdemeanor violation of a state traffic law, may the Court consider the observations of other officers who were not involved in the decision to initially stop the vehicle?

5. Given Officer Javins' testimony that she would not have stopped the vehicle solely for having illegal window tints, why would her reasonable suspicion of a window tint violation be relevant to the initial stop? In other words, why would a totality of the circumstance analysis include a reason for a traffic stop that an officer did not rely upon in making a traffic stop?

6. Is there a statutory vehicle for a district court to certify a question of state criminal law to the Tennessee Supreme Court, and if so, should the Court do so here?

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE